GUST E. SWANSON, ET AL., APPELLANTS, V. A. S. DOLEZAL, COUNTY CLERK, ET AL., APPELLEES.

FILED APRIL 9, 1926.   No. 25156.

Statutes: VALIDITY. Chapter 89, Laws 1925, attempting to incorporate within itself solely by reference, and without reenactment, certain provisions of chapter 67, art. VII, Comp. St. 1922, which article VII, together with chapter 169, Laws 1923, amendatory thereof, were, in the case of *Elliott v. Wille,* 112 Neb. 78, adjudged to be void, and said chapter 89 aforesaid, being by its terms made expressly supplemental to said invalid legislation, *held,* that chapter 89, Laws 1925, is void, and therefore no rights may be based on, nor may any duties be imposed by, or pursuant to, its terms.

APPEAL from the district court for Saunders county: HARRY D. LANDIS, JUDGE.   *Reversed, with directions.*

*Joe F. Berggren* and *Peterson & Devoe,* for appellants.

*Stout, Rose, Wells & Martin* and *J. H. Barry, contra.*

Heard before MORRISSEY, C. J., DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

EBERLY, J.

Action for injunction to permanently restrain the defendants in their respective official capacities from proceeding under provisions of chapter 89, Laws 1925, to validate certain proceedings relating to the formation of the First Farmers Electric District, bonds issued by the same, and to provide for the levy of proper assessments for the payment of said bonds and the interest accruing thereon. To this petition defendants demurred. Demurrer was sustained, and plaintiff, electing to stand upon his petition, judgment was entered in favor of the defendants. From this judgment plaintiff appeals.

The record discloses without dispute that the First Farmers Electric District of Saunders county was originally organized under the provisions of section 7147-7154 (ch. 67, art. VII) Comp. St. 1922, as amended by chapter 169, Laws 1923. In *Elliott v. Wille,* 112 Neb. 78, this legislation was adjudged by this court to be void as being repugnant to certain constitutional provisions. By chapter 89, Laws 1925, it was attempted to cure the defect in the provisions above referred to, and to validate certain proceedings by the districts had and certain of its obligations outstanding.

An examination of chapter 89, Laws 1925, discloses that it is not a complete act within itself, but is, in material parts, dependent upon the provisions of the act heretofore determined to be void and which provisions were not reenacted. Then, too, it appears by its terms that it is to be considered as "cumulative and supplementary to chapter 67, art. VII, Comp. St. 1922."

In *Elliott v. Wille, supra,* it was determined that sections 7147-7154, Comp. St. 1922, as amended by chapter 169, Laws 1923, in terms authorized the taking of private property for public use without just compensation, provided for the taking of private property without due process of law, and are therefore violative of both the state and federal Constitutions.

It is to be remembered that an unconstitutional law confers no rights, imposes no duties, and affords no protection; it is, in legal contemplation, as inoperative as though it had never been passed. *Norton v. Shelby County,* 118 U. S. 425.

The general rule is that an unconstitutional statute is invalid from its inception and is as ineffectual as though it had never been passed. *State v. Several Parcels of Land,* 78 Neb. 703.

It must be admitted that a decision by a court of last resort determining a statute is unconstitutional has the effect of rendering such statute absolutely null and void from the date of its enactment, and that all acts amendatory thereto are without force and effect, and that "no rights may be based on, nor any duties be imposed by, an unconstitutional statute." 12 C. J. 801, sec. 230.

In *City of Plattsmouth v. Murphy,* 74 Neb. 749, this court held: "An act of the legislature amendatory of, or supplemental to, an unconstitutional law is unconstitutional and void."

In *Central Nat. Bank v. Sutherland,* 113 Neb. 126, it was announced: "If a legislative act when enacted is violative of the provisions of our Constitution, it cannot subsequently become a valid law merely because the reason for its invalidity has been removed, without being subsequently reenacted by the legislature."

It must be conceded that the proceedings here under investigation depend for their validity wholly upon chapter 89, Laws 1925. This act expressly attempting to incorporate within itself by reference a portion of the provisions of chapter 67, art. VII, Comp. St. 1922, without reenacting the same, and which act was expressly intended as supplementary to such unconstitutional legislation, is void and affords no basis upon which the judgment entered in this cause by the court below may be sustained.

We do not determine that a curative act may not afford the relief desired in this case. But we are of the opinion

that, because of the defects of the act under consideration, it has not accomplished that result.

The judgment of the district court is reversed and the cause remanded for further proceedings, with instructions to enter a judgment in accordance with this opinion, and as prayed for in plaintiffs' petition.

REVERSED.

