PEOPLE v. FARRELL.

1. STATUTES—CONSTRUCTION—CUMULATIVE PROVISIONS — CONSTITUTIONAL LAW—ANTI-TRUST LAW.

Anti-trust statute (Act No. 255, Pub. Acts 1899, 3 Comp. Laws 1929, § 16647 et seq.) providing that its provisions should be cumulative of each other and of all other laws in any way affecting them now in force did not make said statute supplemental and cumulative of prior unconstitutional act (Act No. 225, Pub. Acts 1889), and therefore is not unconstitutional.

2. INDICTMENT AND INFORMATION — MONOPOLIES — RESTRAINT OF TRADE.

Indictment under State anti-trust act should set up facts from which it may be found that restraint of trade and competition complained of was unreasonable (3 Comp. Laws 1929, § 16647 et seq.).

3. SAME—AMENDMENTS—STATUTES.

> Indictment under State anti-trust act charging offense in words of statute is amendable, by pleading facts showing that restraint of trade and competition complained of was unreasonable (3 Comp. Laws 1929, § 16647 *et seq.*; § 17290).

4. SAME—CONSTITUTIONAL LAW—AMENDMENTS—STATUTES.

> State Constitution does not require criminal prosecution to be by presentment of grand jury, and legislature may confer and regulate power of amendment of indictments (3 Comp. Laws 1929, § 17290).

5. SAME—AMENDMENTS—EXAMINATION.

> Statute on amendments does not contemplate that indictment, on amendment, be treated as information and defendant be allowed examination (3 Comp. Laws 1929, § 17290).

Appeal from Wayne; Moll (Lester S.), J. Submitted April 14, 1933. (Docket No. 129, Calendar No. 36,875.) Decided June 21, 1933.

Charles Farrell, Howard Linhard, James A. Moorehead, Andrew O'Connor, Orlo C. Williams, John F. Graham, Carl P. Bettesworth, Howard Mesnard, George Newman, William Burton, Allen Buxton, Justus Cunningham, Hellmuth H. Echelmeier, Ralph Ureel, James P. Wickham, James McNern, Adolph Opland, Lee Hankinson, Oscar Kauer, and William Hoffman were charged with unlawful combination in restraint of trade and competition. From order quashing the indictment, the people appeal. Reversed, and remanded for further proceedings.

*Patrick H. O'Brien,* Attorney General, *Harry S. Toy,* Prosecuting Attorney, and *Chester.P. O'Hara* and *Edmund E. Shepherd,* Assistants Prosecuting Attorney, for the people.

*Edward N. Barnard,* for defendants.

FEAD, J.   The people review a judgment quashing an indictment which charges unlawful combination in restraint of trade and competition.   Two counts were laid under the common law and two under the anti-trust statute, Act No. 255, Pub. Acts 1899, as amended by Act No. 60, Pub. Acts 1925 (3 Comp. Laws 1929, § 16647 *et seq.*).   The people now withdraw three counts and elect to proceed on the second count only, which is laid under the statute.   The court held the act unconstitutional, and otherwise did not pass upon the sufficiency of the second count.

Defendants abandon the position taken by the court, and now say the statute is unconstitutional because of the provision:

"That the provisions hereof shall be held cumulative of each other and of all other laws in any way affecting them now in force in this State."   3 Comp. Laws 1929, § 16655.

The argument is that the act of 1899 was thereby made supplemental and cumulative of a prior statute, Act No. 225, Pub. Acts 1889 (3 Comp. Laws 1929, § 16674 *et seq.*), which is unconstitutional. *Connolly* v. *Union Sewer Pipe Co.,* 184 U. S. 540 (22 Sup. Ct. 431), and is tainted by its invalidity, *City of Plattsmouth* v. *Murphy,* 74 Neb. 749 (105 N. W. 293); *Swanson* v. *Dolezal,* 114 Neb. 540 (208 N. W. 639).   In those cases the later acts were expressly made amendatory or supplemental to the earlier statutes by specific reference.   Here the act of 1899 is wholly independent, needs no support of the act of 1889, and enforces none of its terms.   Also the act of 1889, being invalid, was not "in force." The contention of unconstitutionality is not tenable.

Count 2 charges the offense in the words of the statute.   The people properly concede that the "rule of reason" applies to it (*People, ex rel. Attorney*

*General,* v. *Detroit Asphalt Paving Co.,* 244 Mich. 119; *Standard Oil Co.* v. *United States,* 221 U. S. 1 [31 Sup. Ct. 502, 34 L. R. A. (N. S.) 834, Ann. Cas. 1912D, 734] ; *Appalachian Coals, Inc.,* v. *United States,* 288 U. S. 344 [53 Sup. Ct. 471]), and that the indictment should set up facts from which it may be found that the restraint of trade and competition complained of was unreasonable. *People* v. *Maki,* 245 Mich. 455; *United States* v. *Whiting,* 212 Fed. 466. See *Appalachian Coals, Inc.,* v. *United States, supra.*

The indictment is amendable (*People* v. *Sims,* 257 Mich. 478), and the people are entitled to amend. 3 Comp. Laws 1929, § 17290. Our Constitution does not require criminal prosecution to be by presentment of a grand jury, and the legislature may confer and regulate the power of the amendment of indictments. *Welty* v. *Ward,* 164 Ind. 457 (73 N. E. 889, 3 Ann. Cas. 556, and note).

Defendants suggest that if the indictment be amended it should be treated as an information and they be allowed an examination. The statute on amendments does not contemplate such procedure.

The judgment will be reversed, and the cause remanded for further proceedings under count two of the indictment.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.