HERMAN ENGELMEYER, APPELLANT, v. S. A. MURPHY ET AL., APPELLEES.

142 N. W. 2d 342

Filed May 6, 1966. No. 36283.

Moodie & Moodie, for appellant.

Kerrigan, Line & Martin, for appellees.

Heard before CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and BURKE, District Judge.

BOSLAUGH, J.

This is an action for a declaratory judgment to determine the validity of an installment sale contract made in conformity to the 1965 Nebraska Installment Sales Act. Laws 1965, c. 268, p. 756. The trial court found that the act was constitutional and that the contract was valid.

The parties have stipulated the facts necessary to a determination of the issues, and the record presents only a question of law.

The plaintiff, Herman Engelmeyer, purchased a rotary hoe from the defendant, Lubker's, Inc., on October 6, 1965. The plaintiff executed a contract which provided for a downpayment and the payment of the balance of the purchase price in installments. The time price differential included in the balance of the purchase price is in excess of 9 percent simple interest. The contract was assigned by Lubker's, Inc., to the defendant, S. A. Murphy, who is licensed as a sales finance company.

The defendants allege that the contract conforms to the provisions of the 1965 Nebraska Installment Sales Act and is valid and enforceable. The plaintiff alleges that the 1965 Nebraska Installment Sales Act is unconstitutional; and that the contract is in violation of the Installment Loan Act and the plaintiff is not required to pay any part of the time price differential. The case turns on the validity of the 1965 Nebraska Installment Sales Act. If the act is constitutional, the contract is enforceable and the judgment of the district court must be affirmed.

The history of the previous installment sales acts in Nebraska is important here. The first installment sales act was enacted in 1959. Laws 1959, c. 218, p. 753. This act was held to be special legislation in violation of Article III, section 18, of the Nebraska Constitution, and

declared invalid in Elder v. Doerr, 175 Neb. 483, 122 N. W. 2d 528.

A second installment sales act was enacted by the 1963 Legislature, Seventy-third Session. Laws 1963, c. 270, p. 805. This act was held to be special legislation in violation of Article III, section 18, of the Nebraska Constitution, and declared invalid in Stanton v. Mattson, 175 Neb. 767, 123 N. W. 2d 844.

The opinion in Stanton v. Mattson, *supra,* was filed on October 18, 1963. The Seventy-fourth (Extraordinary) Session of the Legislature convened on October 21, 1963. The Legislature had been called into special session to consider, among other things, remedial legislation made necessary by the decision in Elder v. Doerr, *supra,* and other litigation then pending in this court. Legislative Journal, p. 3, Seventy-fourth (Extraordinary) Session. On October 22, 1963, a bill (L.B. 9) proposing an amendment to Article III, section 18, of the Nebraska Constitution, was introduced. The bill was passed on final reading on November 22, 1963. The proposed amendment was submitted to the electorate in November 1964 and adopted by the people.

The 1965 Nebraska Installment Sales Act became effective May 24, 1965, and was in force on October 6, 1965, the date on which the plaintiff entered into the contract for the purchase of the rotary hoe.

The plaintiff alleges that the 1965 Nebraska Installment Sales Act is invalid in that it is a grant of special privileges in violation of Article I, section 16, of the Nebraska Constitution; that it is a special law regulating interest where a general law could be made applicable; and that it is an unreasonable classification in violation of Article III, section 18, of the Nebraska Constitution, as amended.

Article I, section 16, of the Nebraska Constitution, provides: "No bill of attainder, ex post facto law, or law impairing the obligation of contracts, or making any

irrevocable grant of special privileges or immunities shall be passed."

Prior to the 1964 amendment, Article III, section 18, of the Nebraska Constitution, provided in part: "The Legislature shall not pass local or special laws in any of the following cases, that is to say: * * * Regulating the interest on money. * * * Granting to any corporation, association, or individual any special or exclusive privileges, immunity, or franchise whatever. In all other cases where a general law can be made applicable, no special law shall be enacted."

The 1964 amendment to Article III, section 18, of the Nebraska Constitution, deleted the prohibition against special laws "regulating the interest on money" and added a proviso to the last paragraph of the section so that it now provides: "Granting to any corporation, association, or individual any special or exclusive privileges, immunity, or franchise whatever; Provided, that notwithstanding any other provisions of this Constitution, the Legislature shall have authority to separately define and classify loans and installment sales, to establish maximum rates within classifications of loans or installment sales which it establishes, and to regulate with respect thereto. In all other cases where a general law can be made applicable, no special law shall be enacted."

In construing constitutional amendments, consideration should be given to the circumstances leading to their adoption and the purpose sought to be accomplished. Swanson v. State, 132 Neb. 82, 271 N. W. 264. It is apparent that the 1964 amendment to Article III, section 18, of the Nebraska Constitution, was designed and intended to authorize legislation regulating installment sales. One of its purposes was to furnish a constitutional basis for the enactment of a valid installment sales act.

The situation in this case is similar to that which was presented in State ex rel. Meyer v. County of Lancaster, 173 Neb. 195, 113 N. W. 2d 63. There, the 1953 Indus-

trial Development Act had been declared invalid in State ex rel. Beck v. City of York, 164 Neb. 223, 82 N. W. 2d 269. The Constitution was then amended so as to authorize such legislation. In 1961, a new Industrial Development Act was passed. §§ 18-1614 to 18-1623, R. R. S. 1943. In State ex rel. Meyer v. County of Lancaster, *supra*, the 1961 act was held valid except as to one provision. We held that the new act had to be viewed in the light of the constitutional amendment which had changed the Constitution in an attempt to permit legislation which previously had been held to be invalid.

The language of the proviso in the 1964 amendment to Article III, section 18, of the Nebraska Constitution, which authorizes the Legislature to separately define and classify loans and installment sales "notwithstanding any other provisions of this Constitution" disposes of the arguments based upon Article I, section 16, and the last sentence of Article III, section 18, of the Constitution, as amended. The purpose of the 1964 amendment was to authorize installment sale legislation by removing all of the constitutional objections to such legislation that had previously existed.

The plaintiff contends that the authority to separately define and classify loans and installment sales is not unlimited, and that the Legislature cannot make classifications which are unreasonable, arbitrary, or capricious. The plaintiff argues that the classification which is made by the 1965 Installment Sales Act is unreasonable and is, therefore, invalid under the Constitution as amended.

There can be no presumption that the people of this state did not intend to accomplish something by adopting the 1964 amendment to Article III, section 18, of the Nebraska Constitution. Swanson v. State, *supra*. The amendment should not be construed so as to defeat its evident purpose, but rather so as to give it effective

operation and suppress the mischief at which it was aimed.

The purpose of the 1964 amendment to Article III, section 18, of the Nebraska Constitution, was to permit the Legislature to exercise broad powers in regard to legislation concerning classification and regulation of loans and installment sales. It was intended to remove the restrictions that had previously existed and to permit legislation that had been prohibited by the Constitution previous to its amendment.

The 1965 Nebraska Installment Sales Act defines an installment sale as any transaction in which a buyer acquires goods or services from a seller pursuant to an agreement which provides for a time price differential and under which the buyer agrees to pay all or part of the time sales price in one or more installments and within 85 months. Laws 1965, c. 268, § 2 (5), p. 757. See, also, Laws 1965, c. 266, p. 752. The classification is very comprehensive and generally excludes only installment sales of real estate or installment sales where the payments will extend over more than 85 months.

The plaintiff argues that the failure to require that the seller retain the title to or a lien upon the goods makes the classification unreasonable. The classification which is made by the act is more general than that which the plaintiff suggests. As between the two, it would seem that the more general classification which the Legislature has adopted is a more reasonable classification.

The plaintiff refers to a number of other laws enacted by the 1965 Legislature and argues that they create unreasonable classifications within the finance industry. It is unnecessary to consider these acts in detail at this time. Their validity is not now before the court. It is sufficient here to observe that they do not make the classification established in the 1965 Nebraska Installment Sales Act unreasonable.

The plaintiff suggests that if the parties had entered

into a contract containing other and different provisions, then their rights and liabilities would have been different and the contract would have been regulated by a different statute. This is precisely what the 1964 amendment to Article III, section 18, of the Nebraska Constitution contemplates. By that amendment the Legislature is authorized to separately define and classify loans and installment sales, establish maximum rates within classifications of loans or installment sales, and to regulate with respect thereto.

The classification which is made by the 1965 Nebraska Installment Sales Act is not unreasonable, arbitrary, or capricious. The act is a valid exercise of legislative power.

The judgment of the district court is affirmed.

AFFIRMED.