John W. Snyder, appellee, v. Woxo, Inc., a corporation, et al., appellants.

177 N. W. 2d 281

Filed May 15, 1970. No. 37468.

Dalke & Carlson, Robert A. Miller, Jr., and Clarence E. Danley, for appellants.

Wilson, Barlow & Watson and Kile W. Johnson, for appellee.

Morsman, Fike, Sawtell & Davis, for amici curiae.

Heard before White, C. J., Carter, Spencer, Boslaugh, Smith, and Newton, JJ., and Hastings, District Judge.

Smith, J.

Plaintiff sued (1) on the loan agreement of Woxo, Inc., in 1969 to pay principal and interest at 12 percent a year and (2) on the agreement of Margaret Lenhart to guarantee part of Woxo's obligation. Defendants presented separate defenses of usury on undisputed facts. Judgment went for plaintiff. Both defendants appeal.

Woxo challenged the constitutionality of section 45-101, R. S. Supp., 1967 (L. B. 13, Laws 1967, c. 276, § 1, p. 743, concerning prohibition of the usury defense by a corporation. It advanced two contentions: (1) The section continued the uninterrupted operation of section 45-101, R. S. Supp., 1965 (L. B. 546, Laws 1963, c. 272, § 1, p. 818), which constituted special legislation violative of Article III, section 18, Constitution of Nebraska (1963); and (2) the section violated the foregoing provision as amended in 1964.

The amendment in 1964 to the constitutional provision deleted the following language shown in parenthesis, and it added the following language shown in italics: "The Legislature shall not pass . . . special laws . . . (Regulating the interest on money.) . . . Granting to any corporation, association, or individual any special or exclusive privileges, immunity, or franchise whatever; *Provided, that notwithstanding any other provisions of this Constitution, the Legislature shall have authority to separately define and classify loans and installment sales, to establish maximum rates within classifications of loans or installment sales which it establishes, and to regulate with respect thereto.* In all other cases where a general law can be made applicable, no special law shall be enacted."

Section 45-101, R. S. Supp., 1965 (L. B. 546, Laws 1963, c. 272, § 1, p. 818), authorized agreed interest not exceeding 9 percent a year. A proviso read: ". . . that corporations . . . may by an agreement in writing which clearly spells out either the amount or the rate of interest charged . . . , agree to pay any rate of interest in excess of the maximum rate provided in this section and, in such instances where the rate is above such maximum rate, the defense of usury is prohibited."

The quoted proviso was retained in L.B. 16, Laws 1963, Spec. Sess., c. 8, § 4, p. 100. We held that L.B. 16 unconstitutionally classified installment loans incident to sales apart from other loans. We did not consider the

proviso. See Davis v. General Motors Acceptance Corp., 176 Neb. 865, 127 N. W. 2d 907 (1964). Meanwhile L.B. 11, Laws 1963, Spec. Sess., c. 7, §§ 3 and 16, pp. 89 and 97, repealed the proviso. In State Securities Co. v. Ley, 177 Neb. 251, 128 N. W. 2d 766 (1964), we held that L.B. 11 constituted special legislation regulating interest on money in violation of Article III, section 18, Constitution of Nebraska (1963). L.B. 13, Laws 1967, c. 276, §§ 1 and 4, pp. 743 and 745, simultaneously repealed and reenacted section 45-101, R. S. Supp., 1965.

The first question is whether constitutionality of section 45-101, R. S. Supp., 1967, is determinable by the constitutional provision in force in 1963. We have said that unconstitutional legislation ordinarily cannot become valid by removal of the reason for its invalidity without reenactment. See, Swanson v. Dolezal, 114 Neb. 540, 208 N. W. 639 (1926) (Removal by Legislature); Central Nat. Bank v. Sutherland, 113 Neb. 126, 202 N. W. 428 (1925) (Removal by Act of Congress). We have not insisted that effective repealer and reenactment be independent of each other. See Crawford, "The Legislative Status of an Unconstitutional Statute," 49 Mich. L. Rev. 645 at 665 (1951). Without convincing evidence that the Legislature intended to adopt former constitutional limitations, this court will not so interpret simultaneous repealer and reenactment. We therefore test section 45-101, R. S. Supp., 1967, by the 1964 amendment.

Woxo concedes that the 1964 constitutional amendment relaxed limitations on the power of the Legislature to classify loans. It nevertheless contends that the amendment prohibits the classification of borrowers contained in section 45-101, R. S. Supp., 1967. The argument is not persuasive for two reasons. First, classification of loans to corporations apart from loans to others in usury statutes has been upheld under equal protection and special legislation clauses of constitutions in most cases. See, Carozza v. Federal Finance & Credit

Co., 149 Md. 223, 131 A. 332, 43 A. L. R. 1 (1925); Thomas v. Union Trust Co., 251 Mich. 279, 231 N. W. 619 (1930); Country Motors, Inc. v. Friendly Finance Corp., 13 Wis. 2d 475, 109 N. W. 2d 137 (1961); Annotation, 63 A. L. R. 2d 924 (1959). Second, the Constitution of Nebraska is not a grant but a restriction of legislative power; consequently courts will enforce only those limitations that the Constitution imposes. United Community Services v. The Omaha Nat. Bank, 162 Neb. 786, 77 N. W. 2d 576 (1956). The text of the 1964 amendment does not preclude definition of loan classes in terms of borrowers. It should receive an interpretation to effect its purpose of relaxing stringent restrictions on legislative power over classification and regulation of loans. See Engelmeyer v. Murphy, 180 Neb. 295, 142 N. W. 2d 342 (1966). We reject Woxo's contentions.

Margaret Lenhart contends that usury was a good defense to liability on her part, and that in no event was she subject to the statutory prohibition against the corporate defense. She has some support. See, Meadow Brook Nat. Bank v. Recile, 302 F. Supp. 62 at 78 (E.D. La., 1969); All Purpose Finance Corp. v. D'Andrea, 427 Pa. 341, 235 A. 2d 808 (1967) (Roberts, J., dissenting). We approve, however, the majority general rule. A statute that prohibits the usury defense by a corporate maker of an obligation may impliedly prohibit the defense by an individual who is subject to secondary liability on the obligation. See E'Town Shopping Center, Inc. v. Lexington Finance Co., 436 S. W. 2d 267 (Ky. App., 1969); Pardee v. Fetter, 345 Mich. 548, 77 N. W. 2d 124 (1956); Dahmes v. Industrial Credit Co., 261 Minn. 26, 110 N. W. 2d 484 (1961); All Purpose Finance Corp. v. D'Andrea, supra; Annotation, 63 A. L. R. 2d 924 at 950. Although the general rule governs this case, we otherwise leave open questions concerning effect of the statutory provision upon individuals. See, generally, In re Greenberg, 21 N. J. 213, 121 A. 2d 520 (1956); Leader v. Dinkler

Management Corp., 20 N. Y. 2d 393, 283 N. Y. S. 2d 281, 230 N. E. 2d 120 (1967).

The judgment is affirmed.

AFFIRMED.