NORTHLAND MORTGAGE COMPANY, FORMERLY KNOWN AS
GENERAL MORTGAGE INVESTMENTS OF ST. PAUL, INC., A
MINNESOTA CORPORATION, APPELLEE, V. ROYALWOOD
ESTATES, INC., ET AL., APPELLANTS.

206 N. W. 2d 328

Filed April 6, 1973. No. 38529.

John W. Delehant, for appellants.

Abrahams, Kaslow & Cassman, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

This is an action to foreclose a real estate mortgage. There is no dispute concerning the plaintiff's right to a decree of foreclosure. The sole issue is the amount due the plaintiff. The trial court found generally in favor of the plaintiff. The defendant Royalwood Estates, Inc., appeals.

The plaintiff is engaged in the mortgage banking business. Its business is the origination and placement of loans as distinguished from the lending of money. The defendant Royalwood Estates, Inc., is a corporation controlled by Millard R. Seldin. Seldin and his associates are real estate developers.

In 1967, Seldin was engaged in a K-Mart project. The financing which had been obtained for the project was inadequate so Seldin proposed to borrow $200,000 on vacant land at 126th and Center Streets.

On June 14, 1967, the plaintiff issued a commitment letter agreeing to loan $200,000 upon terms and conditions specified in the letter. The loan was to bear interest at the rate of 7 percent per annum and provided that upon acceptance of the commitment, "the *borrower* agrees to pay a non-refundable fee in the amount of $6,000.00. This fee shall be earned by us upon the closing of this loan and is in no way contingent upon the closing of the K-Mart loan." (Emphasis supplied.)

The loan was closed on June 22, 1967. A note and mortgage were executed by the defendant corporation and the proceeds of the loan were disbursed to it by the plaintiff. After several extensions, the note was not paid at maturity. This action followed.

The defendant claims it is entitled to a credit of $41,534.64 against the amount due the plaintiff. The amount represents interest paid plus the $6,000 "fee." The defendant contends the loan was in violation of section 45-101, R. R. S. 1943, because the "fee" paid was in fact interest; and in violation of section 45-501, R. S. Supp., 1967, which required full disclosure in a contract of loan of the actual or maximum rate used in computing the charges made for deferred payment. Section 45-501, R. S. Supp., 1967, was repealed in 1969. Laws 1969, c. 45, § 3, p. 258.

Section 45-101, R. R. S. 1943, is the general interest statute and provides for a maximum rate of interest of $9 per year upon $100 subject to a number of exceptions. One exception is that a corporation may agree to pay any rate of interest in excess of the maximum rate "by an agreement in writing which clearly spells out either the amount or the rate of interest charged." See Snyder v. Woxo, Inc., 185 Neb. 545, 177 N. W. 2d 281.

The commitment letter of June 14, 1967, clearly provided that the borrower was to pay 7 percent interest in monthly installments plus the nonrefundable fee of $6,000 which was due upon the closing of the loan. The letter was addressed to Millard R. Seldin et al., and

the acceptance was signed by Millard R. Seldin, Theodore Seldin, Stanley Silverman, and Bernard Raskin. The loan was not made to the individuals who signed the acceptance but was made to the defendant corporation which was controlled by Millard R. Seldin. It is apparent from the commitment letter that the loan was not to be made to the four individuals because the commitment provides for their "personal endorsements and guarantees" of the loan. The defendant is bound by the commitment letter because it was the "borrower" selected by Seldin and accepted the proceeds of the loan. Although it did not sign the commitment letter, it succeeded to the rights and responsibilities of the borrower.

Instruments made in reference to and as a part of a transaction should be considered and construed together. Campbell v. Ohio National Life Ins. Co., 161 Neb. 653, 74 N. W. 2d 546. The commitment letter satisfied the requirements of the statute. The fact that the note did not contain any reference to the $6,000 fee was of no importance. The defense of usury was not available to the defendant without regard to the nature of the $6,000 fee.

So far as section 45-501, R. S. Supp., 1967, was concerned, the $6,000 fee was not a charge made for the deferred payment of the loan. The fee was nonrefundable and was due upon the closing of the loan. There was no connection of any kind between the fee and the duration of the loan. If the fee is considered as "other charges" exacted of the debtor, the nature of the charge was clearly shown in the commitment letter.

The judgment of the District Court is affirmed.

AFFIRMED.