REQUESTED BY: Senator Carol McBride Pirsch Nebraska State Legislature 1126 State Capitol Lincoln, Nebraska 68509
Dear Senator Pirsch:
You have asked whether or not there are any constitutional problems with LB 77. We do perceive a constitutional problem.
Section 2 makes the effectiveness of the act dependent upon a constitutional amendment. The section does not specify what constitutional amendment must be adopted, nor does it identify the intent or purpose of the constitutional amendment. Statutes which are unconstitutional at the time they are adopted are a nullity. See, Board of EducationalLands and Funds v. Gillett, 158 Neb. 558, 64 N.W.2d 105
(1954); and State v. Bardsley, 185 Neb. 629,177 N.W.2d 599 (1970).
Ordinarily, an unconstitutional statute cannot become valid where the reason for its invalidity has been removed without reenactment. See, Snyder v. Woxo, Inc., 185 Neb. 545,177 N.W.2d 281 (1970). Thus, a statute which was unconstitutional when passed is a nullity, and the fact that the constitution is changed to authorize the particular statute which was enacted at a time that it was not possible, does not revive the statute. The statute would have to be repassed and reenacted after the cause of its invalidity, in this case a constitutional provision, was removed. Therefore, the bill, should it be passed, would clearly be unconstitutional assuming it is in violation of the constitution.
Part of the analysis of this question is whether or not the statute offends the constitutional provision. It does. Article VII, Section 5 of the Constitution of the State of Nebraska generally provides that fines, penalties, and license money should be appropriated exclusively for the use and support of the common schools and respective subdivisions where the same may accrue. The nature of the forfeiture which would be proposed under LB 77 would be within the categories which the constitution requires to go to the support of the local school districts. It therefore is in violation of this constitutional provision.
Sincerely, PAUL L. DOUGLAS Attorney General Patrick T. O'Brien Assistant Attorney General