REQUESTED BY: Senator Jim Jones, Nebraska State Legislature
You have requested our opinion concerning the constitutionality of proposed amendments to the provisions of the Nebraska Limited Liability Company Act (Neb. Rev. Stat. §§21-2601 to 21-2653 (1997)), the Uniform Partnership Act (Neb. Rev. Stat. §§ 67-301 to 67-346 (1996 and Cum. Supp. 1998)), and the Uniform Partnership Act of 1998 (Neb. Rev. Stat. §§ 67-401 to67-467 (Cum. Supp. 1998))[1] which would permit certain non-family business entities organized as limited liability companies or limited liability partnerships to own agricultural land or engage in farming or ranching in Nebraska. Currently, a limited liability company organized under the Nebraska Limited Liability Company Act "is deemed to be a syndicate for purposes of Article XII, section 8, of the Constitution of Nebraska." Neb. Rev. Stat. § 21-2602(2) (1997). A limited liability company which satisfies certain family ownership and operational requirements, however, is "not deemed to be a syndicate for purposes of ArticleXII, § 8, of the Constitution of Nebraska." Id. Also, the Uniform Partnership Act and the Uniform Partnership Act of 1998 provide that "[a] limited liability partnership is a syndicate for purposes of Article XII, section 8, of the Constitution of Nebraska,. . . ." Neb. Rev. Stat. §§ 67-306(3) (1996) and67-409(2) (Cum. Supp. 1998). If a registered limited liability partnership satisfies certain family ownership and operational requirements, however, it "is not a syndicate for purposes of Article XII, § 8, of the Constitution of Nebraska." Id.
[1] The provisions of the Uniform Partnership Act (§§ 67-301 to67-346) apply to partnerships formed prior to January 1, 1998, which are not governed by the Uniform Partnership Act of 1998. Neb. Rev. Stat. §§ 67-301 and 67-466 (Cum. Supp. 1998). "The Uniform Partnership Act terminates on January 1, 2001." Id.
After January 1, 2001, the provisions of the Uniform Partnership Act of 1998 (Neb. Rev. Stat. §§ 67-401 to 67-467 (Cum. Supp. 1998)) will govern all partnerships and limited liability partnerships. Neb. Rev. Stat. §§ 67-464(2) and 67-465(2) (Cum. Supp. 1998).
LB 274 proposes to amend these statutes to create additional exceptions providing that a limited liability company with no more than two members who are not related to one another within the fourth degree of kindred (or a limited liability partnership with no more than two partners who are not so related), where one member (or partner) is at least sixty-five years of age and owns a farm or ranch, and the other member (or partner) is less than forty years of age and is actively engaged in day-to-day labor and management of the farm or ranch, are not "deemed" to be "syndicate[s]" for purposes of art. XII, § 8. Your question is whether it is permissible to amend the statutes governing limited liability companies or limited liability partnerships in this manner, or whether the proposed amendment is contrary to the restrictions in art. XII, § 8, against non-family corporate or syndicate ownership or operation of farm or ranch land.
I. CONSTITUTIONAL AND STATUTORY PROVISIONS.
Article XII, § 8, of the Nebraska Constitution, was approved by Nebraska voters in 1982. The constitutional amendment is commonly referred to as "Initiative 300" because it was placed before the electorate as Initiative Measure No. 300. Section 8(1) provides: "No corporation or syndicate shall acquire, or otherwise obtain an interest, whether legal, beneficial, or otherwise, in any title to real estate used for farming or ranching in this state, or engage in farming or ranching." "Corporation" is defined to "mean any corporation organized under the laws of any state of the United States or any country or any partnership of which such corporation is a partner." Id.
"Syndicate" is defined to
 mean any limited partnership organized under the laws of any state of the United States or any country, other than limited partnerships in which the partners are members of a family, or a trust created for the benefit of members of a family, related to one another within the fourth degree of kindred according to the rules of civil law, or their spouses, at least one of whom is a person residing on or actively engaged in the day to day labor and management of the farm or ranch, and none of whom are nonresident aliens.
Id. Initiative 300 specifies that the term "syndicate" does "not include general partnerships." Id.
Article XII, § 8, contains several exceptions from the prohibition against corporate or syndicate ownership or operation of farm or ranch land. The definition of "syndicate", as noted, excludes "family" limited partnerships which satisfy certain ownership and operational requirements. Similarly, "family farm or ranch corporation[s]" are excluded from the Initiative's restrictions. A "family farm or ranch corporation" is defined to
 mean a corporation engaged in farming or ranching or the ownership of agricultural land, in which the majority of the voting stock is held by members of a family, or a trust created for the benefit of a member of that family, related to one another within the fourth degree of kindred according to the rules of civil law, or their spouses, at least one of whom is a person residing on or actively engaged in the day to day labor and management of the farm or ranch and none of whose stockholders are non-resident aliens and none of whose stockholders are corporations or partnerships, unless all of the stockholders or partners of such entities are persons related within the fourth degree of kindred to the majority of stockholders in the family farm corporation.
Neb. Const. art. XII, § 8(1)(A).
A limited liability company formed under the Limited Liability Company Act "shall be deemed to be a syndicate for purposes of Article XII, section 8, of the Constitution of Nebraska,. . . ." Neb. Rev. Stat. § 21-2602(2) (1997). An exception is provided, however, for a limited liability company meeting family ownership and operational requirements which mirror the language of the "family farm or ranch corporation" definition in art. XII, § 8. Specifically, § 21-2602(2) provides:
 [A] limited liability company in which the members are members of a family, or a trust created for the benefit of a member of that family, related to one another within the fourth degree of kindred according to the rules of civil law, or their spouses, at least one of whom is a person residing on or actively engaged in the day-to-day labor and management of the farm or ranch, and none of whom are nonresident aliens, shall not be deemed to be a syndicate for purposes of Article XII, section 8, of the Constitution of Nebraska.
"A limited liability partnership is a syndicate for purposes of Article XII, section 8, of the Constitution of Nebraska,. . . ." Neb. Rev. Stat. § 67-306(3) (1996); Neb. Rev. Stat. § 67-409(2) (Cum. Supp. 1998). An exception is provided for "family" limited liability partnerships which, like the exception created for limited liability companies, meet family ownership and operational requirements similar to those contained in art. XII, § 8. The exception provides:
 [A] limited liability partnership in which the partners are members of a family, or a trust created for the benefit of a member of that family, related to one another within the fourth degree of kindred according to the rules of civil law, or their spouses, at least one of whom is a person residing on or actively engaged in the day-to-day labor and management of the farm or ranch and none of whom are nonresident aliens, is not a syndicate for purposes of Article XII, section 8, of the Constitution of Nebraska.
Neb. Rev. Stat. § 67-306(3) (1996); Neb. Rev. Stat. § 67-409(2) (Cum. Supp. 1998).
Pursuant to these statutes, the Legislature has specifically provided that limited liability companies and limited liability partnerships are "syndicates" for purposes of Initiative 300, and has permitted these entities to own agricultural land or engage in farming or ranching only if they meet family ownership and operational requirements similar to those contained in the Constitution for family farm or ranch corporations or limited partnerships. LB 274, however, proposes to expand these exceptions to allow limited liability companies or limited liability partnerships which do not have members or partners who are related to engage in ownership or operation of farm or ranch land. The question thus becomes whether allowing entities of this nature to engage in such activities under these circumstances is consistent with the limitations imposed on agricultural land ownership or farming and ranching under art. XII, § 8.
II. NATURE AND STATUS OF LIMITED LIABILITY COMPANIES AND LIMITED LIABILITY PARTNERSHIPS. A. Limited Liability Companies.
In 1993, Nebraska joined the growing number of states adopting legislation creating a new form of business entity, the limited liability company ("LLC"). 1993 Neb. Laws, LB 121. Wyoming was the first state to enact LLC legislation in 1977. Florida enacted LLC legislation in 1982, but the number of states electing to adopt LLC statutes did not grow until the Internal Revenue Service acknowledged that properly formed LLCs could qualify for taxation as partnerships in 1988. J. Callison and M. Sullivan, Limited Liability Companies: A State by State Guideto Law and Practice, § 1.5 (1994). By July 1996 all fifty states and the District of Columbia had adopted statutes enabling the organization of LLCs. C. Bishop and D. Kleinberger, LimitedLiability Companies: Tax and Business Law, ¶ 1.01(1) (1998).
The LLC has been described as "an innovative union of corporate and partnership attributes" which "combines the flexibility of a general partnership with the limited liability protection typically found in a corporation or limited partnership." B. Bailey and R. Bailey, The Idaho LimitedLiability Company: In Search of the Perfect Entity, 21 Idaho L. Rev. 1, 4-5 (1994). The LLC thus has been characterized as a "hybrid form of business entity that combines the liability shield of a corporation with the federal tax classification of a partnership." Bishop and Kleinberger at ¶ 1.01(1). "The shield protects a limited liability company's owners (called members) from being personally liable for the business's debts, and the tax classification provides the advantages of pass-through taxation." Id. This description is consistent with the Legislature's understanding of the nature of the LLC reflected in the legislative history of Nebraska's LLC Act, which states the Act was intended to "create[ ] a new form of business entity" which "possess[ed] the limited liability of a corporation, while it retain[ed] the flow-through tax advantages of a partnership."Committee Records on LB 121, 93rd Neb. Leg., 1st Sess., 1 (Introducer's Statement of Intent, Jan. 26, 1993).
Nebraska's LLC Act provides "one or more persons may form a limited liability company by executing and delivering articles of organization" to the Secretary of State. Neb. Rev. Stat. §21-2605 (1997). The articles of organization must contain certain information, including: (1) the LLC's name; (2) the purpose for which the LLC is organized; (3) the address of the LLC's principal place of business in Nebraska and the name and address of its registered agent; (4) the total amount of cash contributed to stated capital and a description and agreed value of non-cash contributions; (5) the total capital contributions agreed to be made and the times and events on which additional capital contributions will be made; (6) the members' right, if any, to admit additional members and the terms and conditions of admission; and (7) if the LLC is to be manager-managed, the initial managers' names and addresses, or, if the LLC is to be member-managed, the members' names and addresses. Neb. Rev. Stat. § 21-2606(1)(a) to (g) (1997). LLCs are required to end their names with the words "limited liability company", "ltd. liability company", or "ltd. liability co.", or the abbreviation "L.L.C." or "LLC". Neb. Rev. Stat. § 21-2604(1) (1997). The Act provides that members and managers "are not liable under a judgment, decree, or order of a court or in any other manner for a debt, obligation, or liability of the limited liability company." Neb. Rev. Stat. § 21-2612 (1997). Also, except as specifically provided in the Act, "no member, manager, employee, or agent of a limited liability company shall be personally liable under any judgment, decree, or order of any court, agency, or other tribunal in this or any other state, or on any other basis, for any debt, obligation, or liability of the limited liability company." Neb. Rev. Stat. § 21-2612 (1997).[2]
 B. Limited Liability Partnerships.
Limited liability partnerships ("LLPs") "are a relatively new business entity." M. McGaughey, Limited Partnerships: NeedOnly Professionals Apply?, 30 Creighton L. Rev. 105, 106 (1996). "At its core, a limited liability partnership remains a general partnership." Id. LLPs differ from general partnerships in one important respect, however, in that "their members have some form of limited liability." A. Bromberg and L. Ribstein, LimitedLiability Partnerships and the Revised Uniform Partnership Act,
§ 1.02(b) (Rev. 1998). LLPs are now authorized in virtually every state. Id. at § 1.01(e).[3]
Under the Uniform Partnership Act of 1998, a limited liability partnership is formed by filing a "statement of qualification" with the Secretary of State. Neb. Rev. Stat. §67-454(3) (Cum. Supp. 1998). The statement must contain certain information, including: (1) the partnership's name; (2) the address of the partnership's chief executive officer, and, if different, the address of an office in the state; (3) the name and address of the partnership's agent for service of process if it has no office in the state; (4) a statement that the partnership elects to be a limited liability partnership; and (5) a deferred effective date, if any. LLPs are required to indicate their status by ending their names with "registered limited liability partnership", "limited liability partnership", "R.L.L.P.", "RLLP", "L.L.P.", or "LLP". Neb. Rev. Stat. §67-455(1)(a) (Cum. Supp. 1998). The "limited liability" accorded a qualified LLP is outlined in Neb. Rev. Stat. § 67-418 (Cum. Supp. 1998), which provides, in pertinent part:
 (1) Except as otherwise provided in subsections (2) and (3) of this section, all partners are liable jointly and severally for all obligations of the partnership unless otherwise agreed by the claimant or provided by law.
* * *
 (3) An obligation of a partnership incurred while the partnership is a limited liability partnership, whether arising in contract, tort, or otherwise, is solely the obligation of the partnership. A partner is not personally liable, directly or indirectly, by way of contribution or otherwise, for such an obligation solely by reason of being or so acting as a partner.
III. AUTHORITY OF THE LEGISLATURE TO ALLOW "NON-FAMILY" LIMITED LIABILITY COMPANIES OR LIMITED LIABILITY PARTNERSHIPS TO OWN AGRICULTURAL LAND OR ENGAGE IN FARMING OR RANCHING.
In construing the meaning of Initiative 300, the Nebraska Supreme Court has held that "the intent of the voters adopting an initiative amendment to the Nebraska Constitution must be determined from the words of the initiative itself." Omaha Nat'lBank v. Spire, 223 Neb. 209, 225, 389 N.W.2d 269, 279 (1986).Accord Pig Pro Nonstock Cooperative v. Moore, 253 Neb. 72, 82,568 N.W.2d 217, 224 (1997). The Supreme Court has recognized that it "must apply and enforce the Constitution as it is written."State ex rel. Spire v. Public Employees Retirement Bd.,226 Neb. 176, 178, 410 N.W.2d 463, 465 (1986). "Moreover, constitutional provisions are not open to construction as a matter of course; construction of a constitutional provision is appropriate only when it has been demonstrated that the meaning of the provision is not clear and that construction is necessary." State ex rel. Spire v. Conway, 238 Neb. 766, 774-75,472 N.W.2d 403, 408-09 (1991). In construing a constitutional provision, "[c]ourts may not supply what they deem unwise omissions, nor add words which substantially add to or take from the constitution as framed." Mekota v. State Bd. of Equal.,146 Neb. 370, 377-78, 19 N.W.2d 633, 638 (1945).
Initiative 300 provides that "[n]o corporation or syndicate" may own or operate farm or ranch land in Nebraska unless it qualifies under specified exceptions to these restrictions. Article XII, § 8, states that "[c]orporation shall mean any corporation organized under the laws of any state of the United States or any country or any partnership of which such corporation is a partner." Neb. Const. art. XII, § 8 (emphasis added). It also states that "[s]yndicate shall mean anylimited partnership except" qualifying limited partnerships satisfying specific family ownership and operational requirements. Id. (emphasis added)."[G]eneral partnerships", however, are not included as "syndicate[s]" as defined in art. XII, § 8.
LLCs and LLPs are not "corporation[s] as defined in art. XII, § 8. Further, an LLC is not a "syndicate" as defined in art. XII, § 8, because the term is specifically defined to mean a "limited partnership." A "limited liability partnership" is, as noted, a form of general partnership which, by statute, provides limited liability to the partners not available to partners in a general partnerships. An LLP is distinguishable from a traditional "limited partnership", however, in several respects. For example, the general partners in a limited partnership are individually liable for debts of the business, while LLP partners are not individually liable for partnership debts. Also, unlike limited partners in a limited partnership, "LLP partners' limited liability does not depend on whether they participate in the general management and control of the firm." Bromberg and Ribstein, at § 1.04(b). Thus, LLPs can perhaps be viewed as entities separate and distinct from "limited partnerships", and therefore not within the definition of "syndicate" contained in art. XII, § 8.
Based on the foregoing, it could be argued that LLCs and LLPs are neither "corporations" nor "syndicates" subject to the restrictions on corporate or syndicate ownership or operation of farm or ranch land in the Constitution. The rationale for this position would be that the Constitution specifically defines the types of entities to which the restrictions apply, and that neither LLCs nor LLPs are within the literal meaning of these terms as defined in the Constitution. If this construction were adopted, then the Legislature would not be precluded from authorizing LLCs or LLPs to engage in activities which a "corporation" or "syndicate" (which is defined to mean a "limited partnership") are prohibited from engaging in under the specific terms of art. XII, § 8. This could include the proposed amendments to the LLC and LLP statutes under LB 274, which would authorize a specific type of arrangement under these statutes in which non-family members could participate as a member of a limited liability company or a partner of a limited liability partnership engaged in the ownership or operation of farm or ranch land.
While such a construction is not untenable, we believe that application of other canons of construction supports the conclusion that the Legislature likely may not authorize non-family LLCs or LLPs to own or operate farm or ranch land without contravening the fundamental purpose and intent of Initiative 300. The Supreme Court has recognized that "[c]onstitutional provisions should receive even broader and more liberal construction than statutes, and constitutions are not subject to rules of strict construction." Anderson v. Tiemann,182 Neb. 393, 397, 155 N.W.2d 322, 326 (1967), appeal dismissed390 U.S. 714 (1968). In considering the meaning of a constitutional provision, "it is proper to consider the evil and mischief attempted to be remedied, the objects sought to be accomplished, and the scope of the remedy its terms imply, and to give it such an interpretation as appears best calculated to effectuate the design of the Constitution." State ex rel. SchoolDist. of Scottsbluff v. Ellis, 168 Neb. 166, 171, 95 N.W.2d 538,541 (1959). The Court has further stated:
 A Constitution is intended to meet and be applied to any conditions and circumstances as they arise in the course of the progress of the community. The terms and provisions of constitutions are constantly expanded and enlarged by construction to meet the advancing affairs of men. While the powers granted thereby do not change, they do apply in different periods to all things to which they are in their nature applicable.
State ex rel. State Railway Comm'n v. Ramsey, 151 Neb. 333,338, 37 N.W.2d 502, 506 (1949).
Applying these principles, we believe that the Legislature likely cannot, consistent with the intent and purpose of Initiative 300, authorize the ownership and operation of farm or ranch land by non-family limited liability entities in the nature of LLCs or LLPs. While the Initiative specifically bans a non-family "corporation" or "syndicate" (defined to mean "limited partnership") from owning agricultural land or engaging in farming or ranching, it must be noted that, at the time Initiative 300 was adopted in 1982, only one state had authorized limited liability companies, and no state had enacted a limited liability partnership statute.[4] Thus, the relative nonexistence of these types of entities at the time of the Initiative's adoption explains the absence of specific reference to them in the language of the Constitution.
The Supreme Court has determined "that the language of article XII, § 8, read as a whole, reflects an intent to prohibit individuals who are not members of the same family . . . from forming and utilizing a corporation to own and operate farm or ranch land for their personal economic gain, other than for the specific excepted uses set forth in § 8(1)(E) through (N)." PigPro Nonstock Cooperative v. Moore, 253 Neb. at 84,568 N.W.2d at 225. The Eighth Circuit has further found that "[t]he people of Nebraska . . . made a reasonable judgment that prohibiting non-family corporate farming serves the public interest in preserving an agriculture where families own and farm the land."MSM Farms, Inc. v. Spire, 927 F.2d 330, 335 (8th Cir.), cert.denied 502 U.S. 814 (1991). The amendment's ban on a non-family "corporation" or "syndicate" (defined as a "limited partnership)" from owning or operating farm or ranch land reflects an overall intent and purpose to prohibit limited liability entities from engaging in these activities if they are not family-owned and operated. LLCs and LLPs provide limited liability akin to that provided to shareholders of a corporation or limited partners in a limited partnership. Construing the Constitution's ban on non-family corporate and syndicate farming or ranching to include LLCs, which are "hybrid" entities combining corporate and partnership traits, and LLPs, which are a form of partnership affording its partners limited liability, is consistent with the principle requiring that constitutional provisions should be interpreted to "meet and apply to [changed] circumstances" to "meet the advancing affairs of men." State ex rel. State RailwayComm'n v. Ramsey, 151 Neb. at 338, 37 N.W.2d at 506. A constitutional amendment "should not be construed so as to defeat its evident purpose, but rather so as to give it effective operation and suppress the mischief at which it was aimed."Engelmeyer v. Murphy, 180 Neb. 295, 299-300, 142 N.W.2d 342,345 (1966). Permitting non-family LLCs or LLPs to own agricultural land or engage in farming or ranching could be considered to be inconsistent with the intent and purpose of Initiative 300.
Further, it is fundamental that "[t]he Legislature cannot do indirectly what the Constitution prohibits it from doing directly." United Community Services v. Omaha Nat'l Bank,162 Neb. 786, 798, 77 N.W.2d 576, 586 (1956). Nor can the Legislature "avoid constitutional provisions by statutorily redefining constitutionally unacceptable activity. The Legislature's power of definition may not be employed to nullify or circumvent the provisions of the Nebraska Constitution." State ex rel. Spire v.Strawberries, Inc., 239 Neb. 1, 8, 473 N.W.2d 428, 434 (1991). Should the Legislature act to allow non-family LLCs or LLPs to own or operate farm or ranch land by providing that these entities are not "syndicates" subject to the restrictions in art. XII, § 8, such legislation could be found unconsitutional as an improper attempt to "indirectly" authorize activity prohibited by the Constitution. A legislative effort to permit non-family limited liability entities such as LLCs and LLPs to engage in activity proscribed as to corporations or syndicates under art. XII, § 8, could well be viewed as an impermissible exercise of the Legislature's definitional powers which would "nullify or circumvent" the intent and purpose of art. XII, § 8.
IV. CONCLUSION
Based on the foregoing, it is our opinion that LB 274, to the extent it attempts to amend the statutory provisions governing LLCs and LLPs to allow non-family entities of this nature to own agricultural land or engage in farming or ranching under certain circumstances, is likely unconstitutional. We wish to point out, however, that our conclusion has no bearing on the validity of the current statutes providing that LLCs and LLPs are "syndicates" for purposes of art. XII, § 8, but which permit "family" LLCs or LLPs to engage in ownership or operation of farm or ranch land. Neb. Rev. Stat. § 21-2602(2) (1997) (limited liability companies); Neb. Rev. Stat. §§ 67-306(3) (1996) and67-409(2) (Cum. Supp. 1998) (limited liability partnerships). Article XII, § 8, authorizes the Legislature to "enact, by general law, further restrictions prohibiting certain agricultural operations that the legislature deems contrary to the intent of this section." The Legislature's current recognition of LLCs and LLPs as "syndicates" for Initiative 300 purposes, even if it were not required by art. XII, § 8, is consistent with its constitutional authority to enact "further restrictions prohibiting certain agricultural operations" it deems contrary to the Initiative. Further, in our view, the present exceptions for "family" LLCs or LLPs are consistent with art. XII, § 8.[5] For the reasons stated, however, we conclude that LB 274 is constitutionally suspect, as it would authorize non-family limited liability business entities to engage in agricultural activities in apparent contravention of the intent and purpose of art. XII, § 8.
Very truly yours,
 DON STENBERG Attorney General
 L. Jay Bartel Assistant Attorney General
cc: Patrick J. O'Donnell Clerk of the Legislature
APPROVED BY:
Don Stenberg 
DON STENBERG, Attorney General
[2] Members and managers are, however, "liable in the same manner as [ ] corporate officer[s] for unpaid taxes imposed on a limited liability company." Neb. Rev. Stat. § 21-2612(2) (1997).
[3] Nebraska originally provided for the formation of LLPs in 1996 through amendments to the Uniform Partnership Act. 1996 Neb. Laws, LB 681, §§ 198 to 214. Additional provisions governing LLPs are contained in the recently adopted Uniform Partnership Act of 1998. 1997 Neb. Laws, LB 523, §§ 1 to 75.
[4] Wyoming adopted a limited liability company statute in 1977. Bishop and Kleinberger, at ¶ 1.01(1). Texas was the first state to enact a limited liability partnership act in 1991. McGaughey, 30 Creighton L. Rev. at 106 n. 6.
[5] One commentator has suggested that the Legislature acted appropriately pursuant to this power in "expand[ing] the definition of `syndicate'" in the Constitution to include limited liability partnerships. McGaughey, 30 Creighton L. Rev. at 115. We do not, however, necessarily agree with the author's conclusion that the Legislature's definition of a limited liability partnership as a "syndicate" represents an "expansion" of the scope of the prohibitions contained on corporate or syndicate ownership or operation of farm or ranch land in art. XII, § 8.