CARL O. SCHLANBUSCH, APPELLEE, v. FRED SCHLANBUSCH, APPELLANT.

FILED JUNE 23, 1919. No. 20910.

1. **Appeal: ARBITRATION: EFFECT.** When an ordinary law action is pending in this court on appeal, and the parties by agreement settle and dispose of the whole controversey, it becomes, so far as this court is concerned, a moot case, and will not be further investigated, but will be dismissed. An arbitration under the statute, without order of court, amounts to such settlement.

2. ———: ———: DISMISSAL: LAW OF THE CASE. Such order of dismissal becomes the law of the case and will be so regarded upon appeal from a subsequent judgment of the district court on the arbitration, and the judgment of the district court upon such arbitration will, upon appeal to this court, be considered as though there had been no prior litigation between the parties.

3. ———: ARBITRATION AND AWARD: BILL OF EXCEPTIONS. In such arbitration, the arbitrators must state their findings of fact and conclusions of law. When the agreement for arbitration specifies the particular questions to be determined, and the award substantially meets these requirements, and evidence is taken before the district court upon objection that the award is defective in this respect, and such evidence is not preserved in a bill of exceptions, we cannot find that the court erred in holding the award sufficiently specific in that regard.

4. ———: WAIVER. When objections raised in this court are not discussed in the brief, they will ordinarily be considered as waived.

APPEAL from the district court for Boone county: FREDERICK W. BUTTON, JUDGE. *Affirmed.*

*A. M. Post, Frank D. Williams* and *J. S. Armstrong,* for appellant.

*A. E. Garten* and *Vail & Flory, contra.*

SEDGWICK, J.

After this appellee, Carl O. Schlanbusch, had taken an appeal to this court from a judgment rendered in the district court for Boone county in a suit between himself and his brother, Fred A. Schlanbusch, the two

brothers agreed to submit all the matters between them to arbitration, which was done, and the findings of the arbitrators were filed in the district court. The fact of this arbitration having been brought before this court, the judgment that had been entered before the arbitration was had was reversed, and that cause dismissed. 102 Neb. 462. Afterwards, upon the application of the appellee, the district court entered judgment upon the award of the arbitrators, and the appeal is from that judgment.

The appellant contends that "the provision for arbitration of pending suits by order of court is mandatory and exclusive, and its observance essential in order to invest the proceeding with the character of a statutory arbitration." If this arbitration had been while the case was pending in the district court, this contention would require careful consideration. This court, however, is without original jurisdiction of such controversies between parties, and the district court had lost jurisdiction of the matter by the appeal to this court. When an ordinary law action is pending in this court on appeal, and the parties by agreement settle and dispose of the whole controversy, it becomes, so far as this court is concerned, a moot case, and will not be further investigated, but will be dismissed. An arbitration is the most formal kind of agreement to adjust matters without further litigation, and, when the controversies between the parties had been thus disposed of, this court dismissed the case with the following statement: "The statute provides the practice in the court to which the arbitration is returned, and that practice and the jurisdiction of the district court therein are not affected by this decision. The parties cannot longer litigate in this case, after they have agreed upon the matters involved." This is "the law of the case," and disposed of the litigation and relegated the parties to their arbitration under the statute.

Fred A. Schlanbusch filed in the district court objections to the arbitration, assigning three grounds of objection: (1) That the court had "no jurisdiction over said cause and the subject-matter thereof; (2) that the evidence is insufficient in law to support said award and the findings therein;" and (3) "that there is no evidence to support said findings and said award." And Carl O. Schlanbusch filed a motion to confirm the report of the arbitrators, and for judgment thereon.

The record recites that on the 24th day of July, 1918, "this cause came on to be heard on the motion of plaintiff to confirm the award," etc., that trial was had on the issues thus presented. Evidence was taken in open court, but the evidence is not preserved in a bill of exceptions, and is therefore not before us. After the court had taken this under advisement, Fred A. Schlanbusch filed a motion to set aside the award, and also a supplemental motion to amend objection numbered 17 of this motion to set aside the award. Additional evidence was taken but not preserved for our consideration. The court allowed the amendment of objection 17, and overruled the objections to the award, with "leave to attach to his said objections certified copies of the affidavits of Fred A. Schlanbusch and S. B. Morehead, clerk of district court, and the same, when so attached, to be held and considered as originals thereof;" but no effort was made to preserve the oral evidence formally taken. The court then entered an order confirming the award of the arbitrators. Under the former decisions of this court, this arbitration is to be considered as a statutory arbitration in all respects as though there had been no prior litigation between the parties.

The first objection now insisted upon is that "the arbitrators failed to separately state their findings of fact and conclusions of law." This is necessary, as held in *Burkland v. Johnson*, 50 Neb. 858. The agreement for arbitration specified the particular questions to be determined, and the award substantially meets these re-

quirements. Upon consideration of the oral testimony taken, the court found that the award was sufficiently specific, and, not having that evidence before us, we cannot say the court erred in so holding.

Two other objections are suggested, but not discussed in the brief, and we have discovered no sufficient reason in the record for reversing the order of the district court in overruling those objections.

The judgment of the district court is

AFFIRMED.

LETTON J., not sitting.