JOHN ASMUS, JR., APPELLEE, V. J. F. LONGENECKER ET AL., APPELLANTS.

FILED OCTOBER 9, 1936. No. 29716.

*Emil J. Eret* and *T. R. P. Stocker,* for appellants.

*Edward J. Kubat, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

GOOD, J.

Plaintiff sued to cancel a deed to a farm executed by him and his wife; also to have the deed declared a mortgage. The grounds alleged for cancelation of the deed were that it was not acknowledged, as required by law, and that it was obtained by fraud, and without consideration. Defendants admitted the execution of the deed and denied the other allegations of the petition. The trial resulted in a decree canceling the deed, on the ground of lack of consideration. Defendants have appealed.

The record discloses the following facts: Early in January, 1933, plaintiff was the owner of a farm in Saline county, consisting of approximately 200 acres. The farm was encumbered by a mortgage for $11,000 and delinquent taxes for several years. Plaintiff was in default in the payment of interest on the mortgage, and an action for foreclosure was then pending. Plaintiff and defendant Longenecker entered into an agreement whereby plaintiff and his wife were to convey the farm in question to Longenecker, who in turn would lease the premises to the plaintiff for a period of five years, without the payment of rent. They visited an attorney's office and had a deed drawn from plaintiff to defendant Mayland and a lease of the premises by defendant Longenecker to plaintiff for a period of five years, ending March 1, 1938. The lease also contained an option that on or before March 1, 1938, plaintiff might repurchase an 80-acre tract, on which were located the buildings and improvements, upon payment of the sum of $10,000. Defendant Mayland on the same day executed a deed to the premises to defendant Longenecker. Apparently, Mayland was simply used as a conduit for conveying the title from plaintiff to defendant Longenecker. The deeds were executed on the 5th day of January, 1933. On the 3d day of February following, the foreclosure action was dismissed and has not been recommenced.

In his petition plaintiff avers that Longenecker had acquired ownership of the note or bonds secured by the mortgage. The evidence upon this point indicates that Longenecker and his friends owned or controlled the bonds, or a part thereof at least, that were secured by the mortgage. The allegation that the deed was void for fraud and was improperly executed finds no support in the record, and the district court so found. Plaintiff's positions in his petition are inconsistent. In one part he alleges that the deed was intended as a mortgage and to secure the payment of the indebtedness represented by the previous mortgage, and at the same time he attempts to charge that the deed is absolutely void, as indicated.

The case seems to have been tried on the theory that the deed was void for want of consideration. Plaintiff was unable to pay the delinquent taxes upon the property; was unable to pay the accruing interest, and apparently would lose possession of his farm within a short period. At that time there was no moratory statute. Plaintiff would have been entitled, under the law as it then existed, to a stay of nine months after entry of the decree of foreclosure. Under the circumstances, plaintiff had good reason to believe that he could retain possession of his farm for not more than one year. By the arrangement entered into with defendant Longenecker, he was assured of possession of the farm for a period of five years. He conveyed the equity in his farm to Longenecker, upon the condition that Longenecker would protect him in the use of the premises for a period of five years. That period has not yet expired, but plaintiff has not been molested in his possession. The action to foreclose the mortgage was dismissed shortly after the deeds were executed. It is inferable that the dismissal of that action was procured by defendant Longenecker. The latter has bound himself, by his lease, to protect the plaintiff in the use of the premises for a period of five years. We think the facts disclosed show there was a valuable consideration for the execution of the deed.

In *In re Estate of Griswold,* 113 Neb. 256, 202 N. W. 609,

it was held: "A valuable consideration to support a contract need not be one translatable into dollars and cents; it is sufficient if it consists of the performance, or promise thereof, which the promisor treats and considers of value to him."

We find this definition in Bouvier's Law Dictionary (p. 613) : "A valuable consideration may consist either in some right, interest, profit, or benefit accruing to one party, or some forbearance, detriment, loss, or responsibility given, suffered, or undertaken by the other." Like definitions may be found in 6 R. C. L. 654, sec. 67, and 13 C. J. 311.

The evidence does not support the judgment and decree of the trial court that there was no valuable consideration for the execution of the deed. It follows that the judgment of the district court is erroneous and is

REVERSED.