343 So.2d 1343 (1977)
Dean REFRAM et al., Appellants,
v.
James PORTER and Martha Porter, Appellees.
No. 76-973.
District Court of Appeal of Florida, Second District.
March 30, 1977.
*1344 A.P. Gibbs, Dade City, for appellants.
James S. Moody, Jr. of Trinkle, Redman, Clawson, Alley, Swanson & Moody, Plant City, for appellees.
BOARDMAN, Chief Judge.
Appellants/defendants appeal the final judgment entered in favor of appellees/plaintiffs in a suit for payment of the full purchase price of and a vendor's lien on a parcel of real property. Appellants/buyers and appellees/sellers entered into a written contract for sale of realty on which appellants planned to construct a golf course. The pertinent part of the contract provided that:
In addition to the aforesaid purchase price, Buyer guarantees to the Sellers that he or his assigns will begin construction of an 18-hole regulation par 71 or 72 golf course at least 6,800 yards in length measuring from championship tees to the middle of the greens, to be approved by the United States Golfers Association within one (1) year from the date of closing and to be completed within twenty-four (24) months from closing. The guarantee contained in this paragraph will survive the closing. A default by the Buyer in failing either to commence construction or to complete construction of the golf course as specified herein shall be an event of default entitling the Sellers to a penalty of an additional cost of $250.00 per acre on the entire 460 acre purchase, or a total penalty of $115,000.00 payable within ninety (90) days of such default, it being understood by and between the parties that part of the consideration for the purchase of said property is the construction of the aforesaid golf course (the promise to construct same on the part of the Buyer resulted in the Sellers reducing the purchase price of the above described property by $250.00 per acre). Likewise, all prices per acre for the lands set forth in the options in paragraph 2 below shall be increased by $250.00 per acre for the same reasons set forth above, anything hereinafter set forth to the contrary notwithstanding.
The sellers alleged in their complaint that the buyers did not perform according to the terms of this provision, that is to complete the construction of a golf course within two years of the closing. The buyers alleged in their answer and affirmative defense that the golf course was completed or substantially completed as contemplated by the contract. After a hearing the trial judge ruled that the sum the parties agreed to in the contract was not a penalty but was a part of the purchase price and that appellees were entitled to $115,000 plus interest, plus costs. A vendor's lien was imposed on the property.
The sole meritorious point raised by appellants is whether the amount stipulated by the contract in the event of default constituted an unenforceable penalty. Appellants assume that the agreement to pay an additional $250 per acre for failure to timely complete the golf course is in the nature of damages for breach of contract. We do not agree. We submit, however, that even if the stipulation were included to provide for damages for breach of contract, it would not be a penalty but would be liquidated damages. While there is no general rule to determine whether a sum stipulated for breach of contract is a penalty, the courts will consider the reasonableness of the provision, the certainty of establishing actual damages, and the intent of the parties. See 9 Fla.Jur. Damages §§ 103, 104 (1956, Supp. 1976). In consideration of the value of the property reflected by other offers which were higher than the offer accepted by appellees, a $250 per acre increment to a base price of $1350 per acre would not be unreasonable. Testimony introduced at trial, particularly that regarding the parties' negotiations, established *1345 that both appellants and appellees were fully cognizant of the purpose of the provision requiring timely construction of a golf course. Appellees planned to retain the property surrounding the parcel sold to appellees. Their agreement to sell the property to appellants at a lower price per acre was directly dependent on the development of a golf course which they believed would provide a hedge against the possibility of a recession and consequent decrease in property value. In the event of a breach, calculation of damages would be speculative and uncertain. It would be extremely difficult to gauge the effect a completed, partially completed, or nonexistent golf course would have on the surrounding property value.
This stipulation is not, however, a damage provision for breach of contract, and the sellers did not bring this action for damages. They were seeking payment of the unpaid purchase price. The purchase price is clearly set out in the contract, that is $610,000 plus a golf course or $610,000 plus $115,000. From a reading of the contract the intent of the parties is clear. They agreed to a purchase price of $1600 per acre. In reliance on and in consideration of the completion of a golf course by December 21, 1974, the purchase price to be paid in cash was $1350 per acre. See Cox v. Smith, 93 Ark. 371, 125 S.W. 437 (1910). Accordingly a vendor's lien was properly imposed on the property to secure the unpaid alternate purchase price of $115,000. See Oliver v. Mercaldi, 103 So.2d 665 (Fla.2d DCA 1958).
The findings of the trial court are accorded a presumption of correctness and will not be disturbed on review by this court where, as here, there is sufficient, competent evidence to support those findings.
AFFIRMED.
McNULTY and SCHEB, JJ., concur.