WEST GATE BANK OF LINCOLN, APPELLANT, V.
LAWRENCE R. EBERHARDT ET AL., APPELLEES.

277 N. W. 2d 104

Filed March 27, 1979. No. 42045.

Anderson & Stock, for appellant.

Crosby, Guenzel, Davis, Kessner & Kuester, for appellees.

Heard before BOSLAUGH, BRODKEY, and WHITE, JJ.,

and SPENCER, Retired Justice, and COADY, District Judge.

SPENCER, Retired Justice.

This is an action in aid of execution to set aside a conveyance of real estate by defendants Lawrence R. and Phyllis Eberhardt to defendants Fred C. Eberhardt, Jr., and Christa M. A. Eberhardt. West Gate Bank of Lincoln alleges the conveyance was without adequate consideration and for the purpose of defrauding plaintiff. The trial court dismissed the petition. The bank, appellant, alleges seven assignments of error which essentially cover two issues: (1) The adequacy of the consideration, and (2) the placing of the burden of proof on the bank. We affirm.

Bank had secured two judgments against Lawrence and Phyllis Eberhardt totalling $41,439.49. An execution to be levied on the property involved in this action was returned unsatisfied on July 7, 1977. Four months before the entry of the first judgment, which was on January 3, 1977, the Eberhardts had conveyed the property to Lawrence's brother, Fred C. Eberhardt, Jr., and his wife, Christa M. A. Eberhardt, for a stated consideration of $70,000.

Mutual Savings Company loaned Fred and Christa $70,000 on said property. This was disbursed as follows: $60,046.13 to Mutual to satisfy two mortgages it had on the property; $362.60 to the city treasurer; $1,290.96 to the county treasurer; $67.75 for abstracting and miscellaneous expense; and $8,232.56 to Lawrence Eberhardt. In addition to the $8,232.56 Lawrence was paid an additional $5,000. Fred and Christa assumed responsibility for the payment of unpaid special assessments of $1,930.99 to the water district, and $1,510 to the sewer district. This would indicate a consideration of $78,440.99. Approximately 3 or 4 months prior to the sale, Lawrence and Phyllis had moved to Colorado.

Bank in its creditor's bill alleged the conveyance from Lawrence to Fred was fraudulent and requested that it be set aside. Defendants answered, alleging good and adequate consideration and denied any fraudulent intent. The District Court found the consideration to be adequate and that Bank had failed to sustain its burden of proof and dismissed the creditor's bill.

An appeal in an equity case is tried de novo in the Supreme Court. § 25-1925, R. R. S. 1943. However, as we said in Bailey v. Mahr, 199 Neb. 29, 255 N. W. 2d 866 (1977): "Equity cases are heard de novo by this court. In determining, however, the weight to be given the evidence, this court will consider the fact that the trial court observed the witnesses and their manner of testifying."

We first consider Bank's assignment on the burden of proof. Bank contends we inadvertently changed the rule in First Nat. Bank v. First Cadco Corp., 189 Neb. 553, 203 N. W. 2d 770 (1973), where we held: "Where there is a conveyance between close relatives *without adequate consideration*, the burden is upon the parties to the transaction to establish that it was done in good faith." (Emphasis supplied.)

Bank contends our previous cases held a conveyance between relatives which had the effect of hindering or delaying a creditor was presumptively fraudulent and the burden was on the parties to establish the adequacy of the consideration in the first instance.

Bank argues the question is whether or not an intent to defraud existed. It contends the cases, in speaking of the good faith of the transaction, are saying intent is the major issue and that intent, not adequacy of consideration, is the threshold question. On this theory Bank contends as soon as it established it was a creditor and property of the debtor had been conveyed to a close relative of its debtor, the burden then shifted to the defendants to prove the good faith

of the transaction. First Nat. Bank v. First Cadco Corp., *supra,* holds inadequacy of consideration is a badge of fraud. We interpret Cadco to hold that inadequacy of consideration suggests an intent to defraud and shifts the burden to the defendants.

In Schulze v. Jensen, 191 Neb. 253, 214 N. W. 2d 591 (1974), quoting Cadco, we reiterated: "Where there is a conveyance between close relatives *without adequate consideration,* the burden is upon the parties to the transaction to establish that it was done in good faith." (Emphasis supplied.)

To establish a prima facie case Bank had the burden of showing the conveyance was one between close relatives and that the consideration appeared to be inadequate. When this was done the burden of proof then shifted to the defendants to establish the good faith of the transaction.

We now turn to the adequacy of the consideration. Valuation of property is a matter of judgment, and a contract based upon inadequate consideration will not be set aside on that reason alone, unless, as the rule is generally stated, the inadequacy is so great as to furnish of itself evidence of fraud. Peters v. Woodmen Accident & Life Co., 170 Neb. 861, 104 N. W. 2d 490 (1960).

Bank adduced evidence that at approximately the time of the conveyance, a loan purpose appraisal estimated the current market value of the property to be $90,100. Fred paid the equivalent of $78,440.99. Considering the fact that no real estate salesman's commission was involved in a sale between brothers, it cannot be said that the sale price is so inadequate as to suggest fraud. The trial judge who heard the testimony and observed the witnesses found the consideration was adequate. On the record we cannot say he was wrong.

We agree with the trial court, the plaintiff failed to prove the conveyance was fraudulent and void. The

creditor's bill was properly dismissed.
  The judgment is affirmed.

AFFIRMED.