C. Norris Buckingham, appellee, v. John C. Wray II,
appellant.

366 N.W.2d 753

Filed May 3, 1985.   No. 83-933.

John C. Wray II, pro se.

Robert C. Wester of Schirber Law Offices, P.C., for appellee.

Boslaugh, White, Shanahan, and Grant, JJ., and Howard, D.J.

Shanahan, J.

John C. Wray II appeals a money judgment obtained by C. Norris Buckingham as a result of a bench trial of a contract action in the district court for Sarpy County. We affirm.

In November 1979 the parties entered a written contract wherein Wray agreed to stock and maintain an inventory for an auto parts store, K-B Standard Auto, Inc. (K-B Auto), owned by Buckingham, in Carson, Iowa. Wray owned three auto parts stores in the metro-Omaha area and agreed to purchase K-B Auto's inventory on hand 1 year after Wray entered the contract with Buckingham. The contract required Wray's purchase of the inventory at 90 percent of the original cost of such inventory.

The contract also stated Wray would be reimbursed for his

travel to and from Buckingham's Iowa store but would not receive any compensation for his services to K-B Auto.

In connection with the Buckingham-Wray contract, Wray received discounts from wholesale suppliers on purchases of inventory for K-B Auto, as well as overall enhancement of his business reputation resulting from substantial purchases of parts for stores serviced by Wray. Wray purchased a large inventory for K-B Auto. However, by midsummer of 1980 it was obvious that K-B Auto was not doing well, and in December Buckingham closed his store.

In late October or early November of 1980, Buckingham sought performance of the contract provision for Wray's purchase of the K-B Auto inventory. Buckingham tried to contact Wray through inquiries at Wray's former parts stores, which had been sold sometime after Wray entered the contract with Buckingham. Buckingham made several calls to Omaha parts wholesalers who had dealt with Wray and asked the whereabouts of Wray. Attempting to establish contact at Wray's residence, Buckingham referred to an Omaha telephone directory, although the telephone book was 1 year out of date. Also, based on a lead from one of the warehouses which had done business with Wray, Buckingham called Kansas State University on belief that Wray had enrolled in law school at that university. Buckingham was unsuccessful in his efforts to locate Wray. Buckingham attempted to mitigate damages by returning K-B Auto's inventory to the original wholesalers. Buckingham, unable to resell a substantial part of the inventory purchased by Wray, brought suit against Wray concerning the inventory which Buckingham could not liquidate.

At trial, without objection, Buckingham testified that Wray had said he would be compensated for his services to K-B Auto by large quantities of parts ordered by Buckingham and cash payments for such parts delivered. These cash transactions with Buckingham contributed to increased discounts received by Wray from wholesale suppliers for inventories acquired by Wray's various auto parts stores. The trial court found a breach of contract by Wray and awarded damages to Buckingham for the unliquidated inventory.

Wray assigns the following errors on the part of the district

court: (1) Denial of Wray's motion for dismissal of the proceedings on the basis of forum non conveniens, inasmuch as Wray claims the proper forum should have been in Iowa; (2) Admitting testimony prohibited by the parol evidence rule; (3) Finding a valid contract supported by consideration; (4) Finding that Buckingham used reasonable efforts to notify Wray and request purchase of the inventory; and (5) Awarding prejudgment interest generally, and specifically in utilizing the law of Nebraska instead of the law of Iowa concerning prejudgment interest.

With regard to Wray's first assignment of error, involving forum non conveniens, the record does not contain Wray's motion or any disposition made by the district court. Consequently, such absence eliminates any necessity that we consider Wray's first assignment of error. In the absence of extraordinary circumstances, an appellate court will not consider or review a ruling of a trial court when the questioned ruling is not a part of the trial record. We will not speculate about proceedings in a trial court but must rely upon the record presented for review. Cf. *First Nat. Bank v. Schroeder*, 218 Neb. 397, 355 N.W.2d 780 (1984).

Regarding Wray's question about consideration supporting the Buckingham contract, we held in *Abraham v. Abraham*, 203 Neb. 384, 279 N.W.2d 85 (1979), that consideration is sufficient to support a contract if there is any detriment to the promisee or benefit to the promisor. Generally, a court will not inquire into the adequacy of consideration for a contract, inasmuch as consideration based on value of property or performance of a promise is a matter of personal judgment by parties to a contract. Ordinarily, a contract will not be held invalid for inadequacy of consideration alone, unless inadequacy is so great as to furnish of itself evidence of fraud. See *West Gate Bank v. Eberhardt*, 202 Neb. 762, 277 N.W.2d 104 (1979).

The contract before us does not negate consideration, although the agreement does dictate that Wray shall not receive any compensation for services rendered to K-B Auto. As far as the Buckingham-Wray contract is concerned, compensation and consideration are neither identical nor synonymous.

Valuable consideration to support a contract need not be one translatable into dollars and cents. If consideration consists of performance or promise of performance, which the promisor treats and considers as having value to the promisor, there is sufficient consideration for a contract. See *Asmus v. Longenecker*, 131 Neb. 608, 269 N.W. 117 (1936). Sufficient consideration for the Buckingham-Wray contract exists in the promises of the parties. Furthermore, Wray was able to obtain increased discounts on purchases for his own auto parts stores as a result of increased wholesale purchases made possible in part by Buckingham's purchases. Such discounts to Wray were benefits recognized in law as consideration adequate to support the Buckingham-Wray contract.

A suit brought to recover damages for breach of contract is a law action. Findings of a court in a law action in which a jury has been waived have the effect of a jury verdict and will not be disturbed on appeal unless clearly wrong. *Nerud v. Haybuster Mfg.*, 215 Neb. 604, 340 N.W.2d 369 (1983). It is Wray's burden to show that the trial court was clearly wrong in its determination of any factual issue presented during the trial.

Whether Buckingham acted reasonably in his attempts to notify Wray for the purpose of demanding performance of the contractual provision requiring Wray to purchase the inventory was a question of fact and was determined adversely to Wray. Cf. *Fink v. Denbeck*, 206 Neb. 462, 293 N.W.2d 398 (1980) (a demand for performance is not necessary unless required by the terms of the contract or its peculiar nature). Cf., also, *Monson v. Fischer*, 118 Cal. App. 503, 5 P.2d 628 (1931) (when necessary, demand for performance of a contractual provision must be alleged and proved). Under the circumstances of this case the evidence sustains the trial court's determination that Buckingham acted reasonably in his attempts to locate Wray.

In *Philip G. Johnson & Co. v. Salmen*, 211 Neb. 123, 317 N.W.2d 900 (1982), we held that an award of prejudgment interest is proper where the amount of the claim is liquidated.

> "Where the amount of a claim is liquidated, compensation in the form of prejudgment interest is allowed as a matter of right. 'A claim is liquidated if the evidence furnishes data which, if believed, makes it

possible to compute the amount with exactness, without reliance upon opinion or discretion.' "
*First Data Resources, Inc. v. Omaha Steaks Int., Inc.*, 209 Neb. 327, 335, 307 N.W.2d 790, 794 (1981).

Buckingham's claim can be computed with the necessary degree of exactness. Wray did not question the amount realized by Buckingham on liquidation of inventory, and under the circumstances there was no reasonable controversy concerning Buckingham's right to recover. Wray agreed to pay for Buckingham's retained inventory at 90 percent of the original price for that inventory. The original prices for the inventory were before the court. The computation with exactness which is envisioned in *First Data Resources, supra*, exists in the case before us. The award of prejudgment interest is correct. See *Ellis & Guy Advg. v. Cohen, ante* p. 340, 363 N.W.2d 180 (1985).

Wray's claim that Iowa prejudgment interest rates should have been utilized, rather than Nebraska rates, is without merit. No evidence was introduced on the applicable interest rates in Iowa. Therefore, it must be assumed that interest rates in Iowa, pertinent to a situation as exists in the present case, are identical to interest rates in the State of Nebraska. In the absence of evidence to the contrary, we presume that the common law or statutes of another jurisdiction are the same as the law of the State of Nebraska. See *Abramson v. Abramson*, 161 Neb. 782, 74 N.W.2d 919 (1956).

The judgment of the trial court is correct and affirmed in all respects.

AFFIRMED.