VIC HORMANDL, DOING BUSINESS AS FRONT STREET CARPETS, APPELLEE, V. LECHER CONSTRUCTION COMPANY, AND UNIVERSAL OF OMAHA CASUALTY INSURANCE COMPANY, APPELLANTS. LECHER CONSTRUCTION COMPANY, APPELLANT, V. VIC HORMANDL, DOING BUSINESS AS FRONT STREET CARPETS, DEFENDANT AND THIRD-PARTY PLAINTIFF, APPELLEE, UNIVERSAL OF OMAHA CASUALTY INSURANCE COMPANY, THIRD-PARTY DEFENDANT, APPELLANT.

436 N.W.2d 188

Filed March 3, 1989.   Nos. 87-407, 87-430.

Michael L. Bacon for appellants.

No appearance for appellee.

HASTINGS, C.J., CAPORALE, and GRANT, JJ., and BURKHARD and HANNON, D. JJ.

GRANT, J.

These are appeals from the district courts for Lincoln and Keith Counties. By stipulation of the parties, both cases were tried in Lincoln County. The cases were consolidated for purposes of this appeal.

Appellee, Vic Hormandl, doing business as Front Street Carpets (Hormandl), had subcontracted with appellant Lecher Construction Company (Lecher), a general contractor, to install flooring in two Super 8 Motels located in Ogallala and North Platte.

In case No. 87-407, Hormandl filed a mechanic's lien against the Ogallala property on June 24, 1985. Pursuant to the provisions of Neb. Rev. Stat. § 52-142 (Reissue 1988), Lecher filed a surety bond issued by appellant Universal of Omaha Casualty Insurance Company (Universal), thus substituting the bond as the collateral of the lien. On July 16, 1986, Hormandl filed a petition to foreclose mechanic's lien in the Keith County District Court. The petition acknowledged the substitution of the bond above referred to. After a trial, the district court found generally in favor of Hormandl and against Lecher and Universal. Judgment was entered in favor of Hormandl and against Lecher and Universal, jointly and severally, in the amount of $10,280 plus interest.

In case No. 87-430, Lecher sued Hormandl, who in turn brought Universal in as a third-party defendant. Hormandl filed a mechanic's lien against the Lincoln County property on May 2, 1985. Universal apparently filed another bond pursuant to § 52-142. On December 6, 1985, Hormandl, as defendant and third-party plaintiff, filed a "Petition for Foreclosure of Mechanic's Lien and Third Party Petition by Defendant Against Third Party Defendant Universal of Omaha Casualty Insurance Company" in the Lincoln County District Court. Again, this petition acknowledged the substitution of the bond for the lien. After trial, the district court found in favor of Hormandl and against Lecher and Universal, jointly and severally, and entered judgment for Hormandl in the amount of $9,750 plus interest.

In both cases, the district court held that the petitions filed by Hormandl were actions on a bond, as contemplated by

§ 52-142, which incorporates the provisions of Neb. Rev. Stat. § 52-141(6) (Reissue 1988), allowing the court to award reasonable attorney fees to the prevailing party. The district court taxed a total of $2,858.44 in attorney fees to Universal.

Appellants' motions for new trial were overruled, and they timely appealed to this court, alleging the trial court erred (1) in entering judgment against Lecher and Universal, because there was no evidence that the bonds had been substituted for the mechanic's liens; and (2) in awarding attorney fees against Universal pursuant to §§ 52-142 and 52-141(6).

On October 22, 1987, Hormandl filed a "Notification" in this court, in which Hormandl advised the court that the judgments he received in the two cases had been fully satisfied by payment from Universal. On January 13, 1989, Hormandl filed a motion to dismiss the appeals for the reason that the judgments were satisfied by Universal, and the appeals are moot. Accompanying Hormandl's motion are copies of satisfactions of judgment which were filed in the district courts for Keith and Lincoln Counties on January 11, 1989.

In *Schlanbusch v. Schlanbusch*, 103 Neb. 588, 589, 173 N.W. 580 (1919), we stated, "When an ordinary law action is pending in this court on appeal, and the parties by agreement settle and dispose of the whole controversy, it becomes, so far as this court is concerned, a moot case, and will not be further investigated, but will be dismissed."

When a party voluntarily complies with the mandate of the trial court, satisfying the judgment, the appeal no longer presents an actual controversy, but an abstract question. *School Dist. No. 65 v. McQuiston*, 163 Neb. 246, 79 N.W.2d at 413 (1956). The record shows that Universal, one of the appellants and Lecher's surety, voluntarily satisfied the judgments entered against it and Lecher. The issues presented on appeal, therefore, are moot, and the appeal is dismissed.

APPEAL DISMISSED.