SNOWDON FARMS, A NEBRASKA PARTNERSHIP, APPELLANT, V.
DALE V. JONES ET AL., APPELLEES.

599 N.W.2d 845

Filed Aug. 10, 1999.    No. A-98-313.

Kevin T. Lytle, of DeMars, Gordon, Olson & Shively, for appellant.

Douglas J. Stratton, of Stratton & Ptak, P.C., for appellees.

HANNON, SIEVERS, and CARLSON, Judges.

SIEVERS, Judge.

## SUPPLEMENTAL OPINION

This matter is before the Nebraska Court of Appeals on the motion for rehearing of the appellant, Snowdon Farms, regarding our opinion reported at *Snowdon Farms v. Jones, ante* p. 445, 599 N.W.2d 845 (1999). We overrule the motion for rehearing, but modify this court's previous opinion by withdrawing the

last two sections entitled "Motion for New Trial" and "Conclusion" and replacing them with the following:

## CONCLUSION

There was evidence offered in support of the motion for new trial that an attorney for Snowdon Farms cleared the title of the FDIC/Nielsen defect in under a year, even though the burden of doing so was the Joneses'. In fact, the trial court decided that the FDIC/Nielsen problem was solved. On January 8, 1998, the district court entered a journal entry which "satisfied, canceled, and released" the FDIC/Nielsen mortgage, which was the only remaining title problem of consequence.

This journal entry of January 8 was made before the district court entered its order granting summary judgment for the Joneses, which allowed them to rescind the contract. Thus, the district court's orders are inherently inconsistent. The order on summary judgment does not mention the fact that the title was clear of the FDIC/Nielsen defect by the time the order granting summary judgment was entered. The fact that the title defect was found to be cleared by the trial court mandates that Snowdon Farms have summary judgment in its favor.

Snowdon Farms moved for summary judgment and assigned as error the district court's failure to enter summary judgment granting it specific performance. When each party has moved for summary judgment and one motion is denied and the other granted, an appellate court obtains jurisdiction of both motions and may determine the controversy which is the subject of those motions, making an order specifying the facts which appear without substantial controversy and directing such proceedings as it deems just. *Baker's Supermarkets v. Feldman*, 243 Neb. 684, 502 N.W.2d 428 (1993).

Thus, we find that the district court erred in granting summary judgment to the Joneses and that the court should have found that they were not entitled to rescind the contract. Because the district court's own January 8, 1997, journal entry cleared and cured the FDIC/Nielsen defect on

the title, Snowdon Farms was entitled to summary judgment giving it specific performance. We remand the cause to the district court for entry of summary judgment granting Snowdon Farms specific performance.

REVERSED AND REMANDED WITH DIRECTIONS.

In all other respects, the opinion remains unchanged.

FORMER OPINION MODIFIED.

MOTION FOR REHEARING OVERRULED.