JAMES NEFF KRAMPER FAMILY FARM PARTNERSHIP, APPELLANT, V. DAKOTA INDUSTRIAL DEVELOPMENT, INC., APPELLEE.

603 N.W.2d 463

Filed December 21, 1999.    No. A-98-446.

Gregory N. Lohr and, on brief, Shelley A. Horak for appellant.

Daniel L. Hartnett, of Crary, Huff, Inkster, Hecht & Sheehan, P.C., for appellee.

IRWIN, Chief Judge, and SIEVERS and CARLSON, Judges.

CARLSON, Judge.

## INTRODUCTION

James Neff Kramper Family Farm Partnership (Family Farm) appeals from an order of dismissal entered by the district court for Dakota County, Nebraska, following entry of summary judgment on behalf of the defendant below, Dakota Industrial Development, Inc. (DID). For the reasons set forth below, we reverse, and remand with direction to enter summary judgment in favor of Family Farm.

## BACKGROUND

DID is a nonprofit corporation, whose mission is to create jobs by encouraging companies to locate in Dakota County. Family Farm is a family business interest, whose primary asset is approximately 200 acres of farmland in Dakota County. In January 1991, DID offered to purchase 20 acres of the land owned by Family Farm, at a rate of $22,000 per acre. DID intended to resell the land to a company that would build a warehouse on the property.

Negotiations, offers, and counteroffers continued for the next several months. On or about September 15, 1991, Family Farm

and DID entered into an agreement pursuant to which Family Farm sold 17.59 acres of farmland to DID, at $35,000 per acre, for a total sum of $615,650.

That sale agreement contained the following clause:

Additional consideration: The Buyer will be building a paved road providing frontage with at least two points of access, for the south side of the Seller's remaining land from IBP Avenue to the railroad tracts [sic], without any assessment against Seller or Seller's remaining land for paving, curbs, gutters, sidewalks, storm sewer lines, or similar expenses. In the event the road is not completed by December 31, 1993, Buyer agrees to pay Seller an additional consideration the sum of $10,000.00 an acre for 17.59 acres.

The road was not built by that date. The record shows that construction did not begin until early 1994, that paving was not completed until July 29, 1994, and that the access points to the Family Farm property were not completed until October 13, 1994. On January 20, 1994, Family Farm brought suit against DID, alleging that it was entitled to additional compensation in the amount of $175,900, representing the additional $10,000 per acre provided for in the additional consideration clause.

DID demurred. A hearing was held on March 15, 1994, and on that same date, the court sustained DID's demurrer. Family Farm filed an amended petition on March 21. In the interim, on April 19, Family Farm had moved to have the district judge recuse himself, a motion that was denied on August 29.

DID answered on April 15, 1994. On July 29, DID moved to amend its answer to include, inter alia, the affirmative defense that the additional consideration clause relied upon by Family Farm was an unenforceable penalty clause. That motion to amend was granted on August 23.

On August 11, 1994, Family Farm moved for summary judgment. On December 23, DID moved for summary judgment, which was denied without prejudice on March 17, 1995. DID filed a renewed motion for summary judgment on November 30.

On April 13, 1998, DID filed a motion in limine, seeking to prevent the admission of certain evidence, a motion the court

granted on April 16. On April 21, the court denied the summary judgment motion by Family Farm and granted the summary judgment motion by DID, finding that the additional consideration clause at issue was in the nature of a penalty and accordingly void as against public policy. The court found that Family Farm had failed to show any competent evidence of actual damage and dismissed the action. Family Farm filed the instant appeal on May 7.

## ASSIGNMENTS OF ERROR

Family Farm makes four assignments of error: The district court erred in (1) overruling its motion for summary judgment, (2) granting DID's motion for summary judgment, (3) denying its motion for recusal, and (4) granting DID's motion in limine.

## STANDARD OF REVIEW

In reviewing an order granting a motion for summary judgment, an appellate court views the evidence in a light most favorable to the party opposing the motion and gives that party the benefit of all reasonable inferences deducible from the evidence. *O'Connor v. Kaufman*, 250 Neb. 419, 550 N.W.2d 902 (1996).

Although denial of a motion for summary judgment is not a final order and thus may not be appealed, when adverse parties have each moved for summary judgment and the trial court has sustained one of the motions, the reviewing court obtains jurisdiction over both the motions, may determine the controversy which is the subject of those motions, and may make an order specifying the facts which appear without substantial controversy and directing such further proceedings as it deems necessary. *Baker's Supermarkets v. Feldman*, 243 Neb. 684, 502 N.W.2d 428 (1993).

The construction of a contract is a matter of law, in connection with which an appellate court has an obligation to reach an independent, correct conclusion irrespective of the determinations reached by the court below. *Estate of Stine v. Chambanco, Inc.*, 251 Neb. 867, 560 N.W.2d 424 (1997).

## ANALYSIS

*Summary Judgment.*

■ Summary judgment is proper when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Battle Creek State Bank v. Preusker*, 253 Neb. 502, 571 N.W.2d 294 (1997); *Gans v. Parkview Plaza Partnership*, 253 Neb. 373, 571 N.W.2d 261 (1997), *overruled on other grounds, Knoll v. Board of Regents*, 258 Neb. 1, 601 N.W.2d 757 (1999).

In this case, there is no dispute as to the material facts. The parties entered into an agreement pursuant to which Family Farm sold 17.59 acres of land to DID and received $35,000 per acre. It is also undisputed that the contract pursuant to which the land was sold contained a clause providing that DID would be responsible for construction of a paved road along the property by December 31, 1993, and that if such road were not completed by that date, DID would pay an additional $10,000 per acre. The only remaining question is which party is entitled to prevail as a matter of law upon these facts.

The trial court held, and DID argues on appeal, that the clause constitutes a penalty clause, unenforceable in Nebraska for public policy reasons. Family Farm, for its part, would characterize that clause as providing alternative obligations on the part of DID, dependent upon whether the road was timely completed.

■ This appears to be an issue of first impression in Nebraska. There is, however, authority from outside Nebraska for the proposition that a provision in a land contract providing for increased payments if a specified construction project was not timely completed on the property is neither liquidated damages nor a penalty, but is instead a provision for additional compensation. See, generally, 22 Am. Jur. 2d *Damages* § 685 (1988), citing *Refram v. Porter*, 343 So. 2d 1343 (Fla. App. 1977). In *Refram*, as in the instant case, the parties had contracted for sale of land and had included within that contract a clause providing for additional consideration if certain con-

struction, in that case a golf course, was not completed within 2 years of closing. The golf course was not completed, and the sellers brought suit for payment of the full purchase price. The sellers obtained a judgment, and the buyers appealed, asserting, inter alia, that the additional consideration clause was an unenforceable penalty. The appellate court disagreed, explaining:

> This stipulation is not . . . a damage provision for breach of contract, and the sellers did not bring this action for damages. They were seeking payment of the unpaid purchase price. The purchase price is clearly set out in the contract, that is $610,000 plus a golf course or $610,000 plus $115,000. From a reading of the contract the intent of the parties is clear. They agreed to a purchase price of $1600 per acre. In reliance on and in consideration of the completion of a golf course [within 2 years] the purchase price to be paid in cash was $1350 per acre.

343 So. 2d at 1345.

DID attempts to distinguish *Refram*, asserting that in the instant case, "[t]here are no recitals of a reduction in purchase price in reliance on construction of the road." Brief for appellee at 25. We disagree. In our view, the contract clearly provides for payment of alternative forms of consideration, that is, for payment of either $35,000 per acre if a road is built or $45,000 per acre if the road is not completed. DID does not specifically argue that the contract is ambiguous. Rather, it appears to urge a nonliteral interpretation, based on public policy. To construe the contract according to its plain language—that is, to read the clause as requiring construction of a road or payment of additional consideration—would, according to DID, create an unconscionable result and, therefore, be unenforceable.

However, " '[i]t is not the province of courts to emasculate the liberty of contract by enabling parties to escape their contractual obligations on the pretext of public policy unless the preservation of the public welfare imperatively so demands.' " *Occidental Sav. & Loan Assn. v. Venco Partnership*, 206 Neb. 469, 480, 293 N.W.2d 843, 848 (1980). A contract written in clear and unambiguous language is not subject to interpretation or construction; rather, the intent of the parties must be deter-

mined from the contents of the contract, and the contract must be enforced according to its terms. *Rains v. Becton, Dickinson & Co.*, 246 Neb. 746, 523 N.W.2d 506 (1994). Moreover, a contract must be construed as a whole, and, if possible, effect must be given to every part thereof. *Baker's Supermarkets v. Feldman*, 243 Neb. 684, 502 N.W.2d 428 (1993).

Certainly, nothing precludes the parties from creating a contract that provides for payment of additional consideration if the road is not timely completed. Consideration is sufficient to support a contract if there is any detriment to the promisee or any benefit to the promisor. Generally, a court will not inquire into the adequacy or value of the stated consideration so long as the performance or the promise of performance is one that the promisor considers of value. The Nebraska Supreme Court has stated that even a " 'peppercorn' " or other nominal consideration may be sufficient consideration as long as the promisor deems it of value. *Pruss v. Pruss*, 245 Neb. 521, 534, 514 N.W.2d 335, 345 (1994). "The monetary value of the performance or the promise of performance is irrelevant. It is sufficient that the promisee did something he or she was not otherwise required to do or that the promisor received something he or she was not otherwise entitled to receive." *Id.* See, also, *Omaha Nat. Bank v. Goddard Realty, Inc.*, 210 Neb. 604, 316 N.W.2d 306 (1982). "Generally, a court will not inquire into the adequacy of consideration for a contract, inasmuch as consideration based on value of property or performance of a promise is a matter of personal judgment by parties to a contract." *Buckingham v. Wray*, 219 Neb. 807, 809, 366 N.W.2d 753, 756 (1985).

It therefore seems clear to us that the parties agreed to a price consisting of either $45,000 per acre or $35,000 per acre if the road was completed by a specific date. Both aspects of the consideration were bargained for, and both are part and parcel of the contract. The record is clear that DID did not provide the road within the time required by the contract, and, accordingly, Family Farm is entitled to the additional consideration of $10,000 per acre. For that reason, Family Farm is entitled to summary judgment.

*Remaining Issues Regarding Recusal and Motion in Limine.*

Our disposition of the above issues makes it unnecessary to examine the issues of whether the district judge should have recused himself or whether the district court properly granted DID's motion in limine, and we accordingly decline to do so. An appellate court is not obligated to engage in analysis which is not necessary to adjudicate the case and controversy before it. *Kelly v. Kelly*, 246 Neb. 55, 516 N.W.2d 612 (1994).

## CONCLUSION

For the reasons set forth above, we hold that under the undisputed material facts in this case, Family Farm's motion for summary judgment should have been granted and the district court is directed to enter such judgment accordingly. The judgment of the district court granting summary judgment to DID is reversed and the cause is remanded with direction to enter judgment for Family Farm.

REVERSED AND REMANDED WITH DIRECTION.